UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYHESHA WILLIAMS, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) ) No. 4:23-CV-43 RLW |
| SPIRE, | ) ) ) |
|     Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Spire's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(1), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] (ECF No. 10). Plaintiff Tyhesha Williams, who is proceeding in this matter pro se without the assistance of counsel, opposes the motion. The motion is fully briefed and ripe for review. For the reasons that follow, the Court grants Defendant's motion to dismiss.

## *I. Background*

On January 11, 2022, Plaintiff Tyhesha Williams filed an Employment Discrimination Complaint (hereinafter "Complaint") against Spire. The Complaint, which was filed on a form complaint purports to bring claims against Defendant pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., ("ADA"), and the Rehabilitation Act, 29 U.S.C. §§ 701, et seq. (ECF No. 1 at 2). Plaintiff asserts claims of disparate treatment based on disability and for retaliation. (ECF No. 1 at 4). For relief, Plaintiff requests damages for pain and suffering. (ECF No. 1 at 7).

---

[1]Plaintiff identifies the defendant in this case as "Spire." (ECF No. 1 at 1). In its Motion to Dismiss, the defendant states that its proper name is Spire Missouri Inc.

## *II. Legal Standard*

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction that asserts a facial challenge under Rule 12(b)(1). See Titus v. Sullivan, 4 F.3d 590, 593 n.1 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990); see also Satz v. ITT Fin. Corp., 619 F.2d 738, 742 (8th Cir. 1980) (applying Rule 12(b)(6) standard to dismissal for lack of subject matter jurisdiction).

A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept the allegations contained in a complaint as true is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id.

An employment discrimination complaint does not need to contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim.  See Swierkiewicz v. Sorema, 534 U.S. 506, 510–12 (2002); Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1014 (8th Cir. 2013).  The elements of a prima facie case are relevant, however, as they are "part of the background against which a plausibility determination should be made." Blomker, 831 F.3d at 1056 (citing Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 57 (1st Cir. 2013)).

A complaint filed by a pro se plaintiff should be liberally construed.  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  See also Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss).  The complaint, however, "still must allege sufficient facts to support the claims advanced."  Stone, 364 F.3d at 914 (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.")).  The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."  Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

### III.  Plaintiff's Factual Allegations

In her Complaint, Plaintiff describes events that took place at Spire between October 18, 2021, the day Plaintiff was hired as call center agent, and January 14, 2022, the day she was fired.  Plaintiff alleges Spire's discrimination began during "onboarding."  (ECF No. 1 at 5).  Plaintiff alleges that in her training class she was the least experienced.  "I was not computer savy [sic] nor

had I ever worked in an office." (ECF No. 1 at 5). Plaintiff further alleges, "[b]ecause of what I didn't know I was singled out, treated unfair, [d]isrespected, ridiculed, and eventually terminated." (Id.).

More specifically, Plaintiff alleges her supervisor, Tori Stolle, would make faces and sigh when Plaintiff passed her, and that she whispered to another supervisor. Plaintiff alleges she also had difficulties with another supervisor, Pamela McPherson. "For some reason, [Ms. McPherson] believe[d] I was SLOW." (ECF No. 1 at 6). Plaintiff alleges that Ms. McPherson told this to other supervisor, and that she raised her voice when talking to Plaintiff. Plaintiff alleges at the time she was having respiratory issues, which impaired her hearing. "I really couldn't hear too well out of my left ear." (ECF No. 1 at 6). Plaintiff admits she did not inform Ms. McPherson that she did not hear well.

According to the Complaint, Plaintiff's mother passed away on November 25, 2021, Thanksgiving Day. Plaintiff alleges Ms. McPherson did not show her compassion, which Plaintiff admits is not a claim. Plaintiff alleges she became depressed and began to feel like she had an intellectual disability. She also alleges it was hard for her to socialize with people.

On November 30, 2021, Plaintiff returned to work. Ms. McPherson accused Plaintiff of being away from her desk at 8:00 a.m. Plaintiff alleges that she explained to Ms. McPherson that she was mistaken; that she was on a call at 8:00 a.m. According to the Complaint, Ms. McPherson became aggressive. She hovered over Plaintiff, pointed fingers in her face, rested her hand on Plaintiff's shoulder, and gave her a shove.

Plaintiff alleges she went to another supervisor, Ms. Stolle, who was only concerned about Plaintiff having proof that her mother passed away. Plaintiff went to a union representative, who spoke with Ms. McPherson. "After her meeting with the union rep she refused to assist me with

4

anything." (ECF No. 1 at 6). Plaintiff alleges, "After losing my mom, I lost my job because of the way certain people felt about me. (ECF No. 1 at 7).

Plaintiff attached to her Complaint a copy of a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") dated October 12, 2022.

### *IV. Discussion*

A.   **Failure to Exhaust**

Defendant moves to dismiss for lack of subject matter jurisdiction Plaintiff's claim of retaliation under the ADA on the basis that Plaintiff failed to exhaust her administrative remedies prior to bringing suit.[2] Timely filing a charge of discrimination with the EEOC or with the State or local agency is a precondition to suit under Title VII and the ADA. Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA has adopted Title VII's enforcement procedures). The requirement, however, is not jurisdictional. Fort Bend Cnty., Tex. v. Davis, 139 S. Ct. 1843, 1846, 1850-51 (2019). Rather it is a precondition that must be met before bringing suit. Id. Therefore, the Court will evaluate Defendant's motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

As stated above, to assert a claim under the ADA, Plaintiff must first have exhausted her administrative remedies by filing a charge of discrimination with the EEOC or Missouri Commission on Human Right ("MCHR"). Lindeman v. Saint Luke's Hosp. of Kansas City, 899 F.3d 603, 608 (8th Cir. 2018) (plaintiff must administratively exhaust specific claim under ADA prior to filing suit); Russell v. TG Missouri Corp., 340 F.3d 735, 748 (8th Cir. 2003) (same). "The

---

[2]Defendant also moves to dismiss Plaintiff's claim of discrimination based on an actual disability for Plaintiff's failure to exhaust her administrative remedies. In her Response to defendant's Motion to Dismiss, Plaintiff asserts that she is not bringing a claim of discrimination based on an actual disability, but rather, she is proceeding under the theory that she was discriminated against because Spire regarded her as being disabled.

5

reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (citation omitted). "Exhaustion of administrative remedies entitling a claimant to bring a cause of action ... requires a claimant to give notice of all claims of discrimination in the administrative complaint." Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000) (quotation omitted and emphasis added). "[T]he complainant must file a charge with respect to each alleged unlawful employment practice. ... Each discrete act is a different unlawful employment practice for which a separate charge is required." Id. at 851 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)).

To determine what federal claims a plaintiff exhausted, the Court is to look to the boxes the complainant checked on the charge of discrimination, see Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 931 (8th Cir. 2011), and the narrative description of the allegations. See Tyler v. Univ. of Arkansas Bd. of Trustees, 628 F.3d 980, 989 (8th Cir. 2011). Further, "a plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." Wedow v. City of Kansas City, Mo., 442 F.3d 661, 672 (8th Cir. 2006) (quotation marks and citation omitted). Although a court should "liberally construe an administrative charge for exhaustion of remedies purposes, ... there is a difference between liberally reading a claim which lacks specificity, and inventing, ex nihilo, a claim which simply was not made." Sellers v. Deere & Co., 791 F.3d 938, 943 (8th Cir. 2015) (quotation marks and citation omitted).

In the instant case, Plaintiff completed her Charge of Discrimination and submitted it to the EEOC.³ The form instructs complainants to check the appropriate boxes for the alleged cause of discrimination.  Plaintiff checked the box for "Disability."  Plaintiff did not check the box for "Retaliation" and did not allege any facts in the narrative section of her charge to raise the issue of retaliation.  Plaintiff states in her charge, "I was told that I was being terminated because they felt like I wasn't able to do the job. … I believe I was discharged by [Spire] due to a perceived disability. [ ] I was discharged on 01/14/2022. [ ] Although I did not have a disability, I was regarded as having a disability." (ECF No. 11, Ex. 1).  The charge does not contain any allegations or facts to support a claim that Plaintiff was terminated in retaliation for engaging in a protected activity.

The Court concludes Plaintiff's claim of retaliation in her Complaint is not like or reasonably related to her charge with the EEOC, in which she checked the "Disability" box and summarily alleged she was discriminated against because Spire perceived her as being disabled.  Accordingly, Plaintiff cannot pursue a retaliation claim in this Court.  See Russell, 340 F.3d at 747–48 ("While [the plaintiff] did check the box for, and allege, a claim of disability discrimination, she cannot rely on that claim to show that she exhausted her administrative remedies with respect to her retaliation claim because it is well established that retaliation claims are not reasonably related to underlying discrimination claims.").  Plaintiff's claim of retaliation is dismissed for failure to exhaust administrative remedies.

---

³Defendant attached to its Memorandum in Support of its Motion to Dismiss a copy of Plaintiff's EEOC charge.  (ECF No. 11, Ex. 1).  An EEOC charge is a matter of public record, "and thus [a] motion to dismiss [is] not converted to one for summary judgment by the attachment of a copy of the EEOC charge." Faibisch v. Univ. of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002) (overruled in part on other grounds).

**B.     Rehabilitation Act - Failure to State a Claim**

Defendant moves to dismiss Plaintiff's claims of disability discrimination under the Rehabilitation Act for failure to state a claim. Section 504 of the Rehabilitation Act prohibits any "program or activity receiving Federal financial assistance" from discriminating on the basis of disability. 29 U.S.C. 29 U.S.C. § 794(a). To establish a prime facie case of disability discrimination under the Rehabilitation Act, a plaintiff must show: "(1) she is a qualified individual with a disability; (2) she was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) she was discriminated against based on her disability." M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721, New Prague, Minn., 439 F.3d 865, 867 (8th Cir. 2006) (internal quotations and citation omitted).

Defendant moves to dismiss Plaintiff's claims under the Rehabilitation Act on the ground that Plaintiff fails to allege that Spire received federal financial assistance or is a federal contractor. The Court agrees and dismisses Plaintiff's claim under the Rehabilitation Act on this basis.

**C.     ADA – Failure to State a Claim**

Finally, Defendant moves to dismiss Plaintiff's claim of disability discrimination under the ADA for failure to state a claim. And, as an alternative argument to its motion to dismiss for failure to exhaust, Defendant argues Plaintiff fails to state a claim of retaliation under the ADA.

1.     Disability discrimination

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state claim of discrimination under Title I of the ADA, a plaintiff must allege: (1) that he or she has a disability within the meaning of the ADA; (2) that he or she is qualified to perform the essential functions of the job, with or without reasonable

8

accommodation; and (3) that he or she suffered an adverse employment action due to a disability. Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 518 (8th Cir. 2011).

The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1); see also 29 C.F.R. § 1630.2(g). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). "To be regarded as disabled under the ADA, an individual must show that she has an impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation." Costello v. Mitchell Pub. Sch. Dist. 79, 266 F.3d 916, 924 (8th Cir. 2001) (citing 29 C.F.R. § 1630.2(l)(1).

Plaintiff alleges in her Complaint that she was regarded as being disabled because her supervisors believe she was "slow." Being perceived as slow at one's job does not equate to being perceived as intellectually disabled or substantially limited in a major life activity, such as thinking or learning. Plaintiff also alleges that a supervisor raised her voice when speaking to her. Again, this allegation is insufficient to draw an inference that Spire regarded Plaintiff as disabled. The fact that a supervisor used a raised voice does not signify Defendant believed Plaintiff was deaf or mentally impaired, or that Plaintiff was substantially limited in a major life activity, such as hearing, thinking, or learning. Even liberally construing Plaintiff's complaint and accepting the allegations as true, the Court cannot draw a reasonable inference from the Complaint that Spire regarded Plaintiff as being disabled.

Plaintiff also does not allege that she suffered an adverse employment action because Defendant regarded her as being disabled. In her Complaint, Plaintiff alleges, "because of what I

didn't know I was singled out, treated unfair, [d]isrespected, ridiculed and eventually terminated." (ECF No. 1 at 5). In other words, Plaintiff does not allege she was fired because Spire regarded her as disabled, rather Plaintiff alleges she was fired based on her lack of knowledge and office experience. Plaintiff does not allege sufficient facts to state a claim of perceived disability discrimination. The Court finds Plaintiff fails to state a claim of discrimination under the ADA.

### 2. Retaliation

Finally, Defendant argues that even if Plaintiff had exhausted her administrative remedies with regard to a claim for retaliation, she fails to allege sufficient facts to state a claim of retaliation under the ADA. To establish unlawful retaliation under the ADA, a plaintiff must show that (1) she engaged in a statutorily protected activity, (2) the employer took an adverse action against her, and (3) there was a causal connection between the adverse action and the protected activity. Hill v. Walker, 737 F.3d 1209, 1218 (8th Cir. 2013).

In her Complaint, Plaintiff fails to plead facts that, taken as true, would support a claim for retaliation. First, Plaintiff has not alleged any facts suggesting that she engaged in a protected activity. "Protected activity is an informal or formal complaint about, or other opposition to an employer's practice or act if the employee reasonably believes such an act to be in violation of the statute in question." Jeseritz v. Potter, 282 F.3d 542, 548 (8th Cir. 2002) (citations and quotations omitted). Plaintiff alleges she complained to another supervisor and a union representative that her direct supervisor spoke to her aggressively, pointed her fingers in her face, and shoved her. But reporting inappropriate conduct, such as verbal or physical aggression, without more, is not a protected activity under the ADA, as it is not based upon a report of an act or practice made unlawful by the statute. See, e.g., Bevill v. Home Depot U.S.A., Inc., 753 F. Supp. 2d 816, 829 (S.D. Iowa 2009) ("Protected activity under the ADA includes opposing an act or practice made unlawful by the ADA or testifying, assisting, or participating in an investigation, proceeding, or a

10

hearing under the ADA . . . Because [the plaintiff's complaint] cannot be construed as opposing discrimination, it does not constitute protected activity.")

Second, Plaintiff does not allege a causal connection between a protected activity and an adverse employment action. As discussed above, Plaintiff alleges in her Complaint that she was fired because she was inexperienced and lack computer and office skills. Even liberally construing Plaintiff Complaint, as the Court must do, there are no allegations that she was fired because she engaged in a protected activity under the ADA. Plaintiff fails to state a claim of retaliation.

### V. Conclusion

For the reasons stated above, the Court finds Plaintiff failed to exhaust her administrative remedies with regard to her claim of retaliation under the ADA. The Court further finds Plaintiff has not stated a claim under the Rehabilitation Act. Finally, the Court finds Plaintiff fails to allege sufficient facts to state claims of disability discrimination or retaliation under the ADA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Spire's Motion to Dismiss is **GRANTED.** [ECF No. 10]

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of October 2023.